UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH R. BURNETT, JR.,
et al.,

        Plaintiffs,

    v.

MERCER COUNTY CORRECTIONAL
CENTER,

        Defendant.

Civil No. 11-1216 (GEB)

**MEMORANDUM AND ORDER
(CLOSED)**

RECEIVED

APR 2 5 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IT APPEARS THAT:

1. Plaintiffs Joseph R. Burnett, Jr., Anthony Ayres, Arteamos Stephens, Joshua Hunter and Anthony Bryant filed this civil action, pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights due to the conditions of confinement at the Mercer County Correctional Center ("MCCC") (Docket entry 1.)

2. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner

1

    also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. <u>Id.</u>

3. In this action, the $350 filing fee was not paid; nor did Plaintiff Burnett or any of the other Plaintiffs submit a complete IFP application, as required by 28 U.S.C. § 1915(a)(1). Although only one $350.00 filing fee needs to be paid, if multiple plaintiffs seek to proceed IFP, each such plaintiff must qualify for IFP status and the plaintiffs must establish that they cannot, singly or together, pay the filing fee. <u>See</u>, <u>e.g.</u>, <u>Anderson v. California</u>, Civil No. 10-2216, 2010 WL 4316996 (S.D. Cal. Oct. 27, 2010); <u>Darden v. Indymac Bancorp, Inc.</u>, Civil No. 09-2970, 2009 WL 5206637 (E.D. Cal. Dec. 23, 2009). The Court of Appeals for the Third Circuit recently offered guidance with regard to multiple plaintiff prisoner litigation and the filing fee provisions, codified under 28 U.S.C. § 1915. <u>See</u> <u>Hagan v. Rogers, et al.</u>, 570 F.3d 146 (3d Cir. 2009). In <u>Hagan</u>, the Court of Appeals held that the "the plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 [concerning joinder] by requiring each joined prisoner to pay the full individual [filing] fee." <u>Id.</u> at 155. The Court then went on to note:

"... taking '§ 1915(b)(1) at face value,' the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA." Id. (quoting Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004)).

7. If any prisoner is granted IFP status, the prisoner must pay the full amount of the $350 filing fee through account deductions. 28 U.S.C. § 1915(b)(1). In each month that the amount in that prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

8. Plaintiffs may not have known when they submitted the complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoners to get the filing fee back.

9.   Also, if a prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

THEREFORE, it is on this 21st day of APRIL, 2011;

ORDERED that Plaintiffs' applications to proceed in forma pauperis are hereby DENIED, without prejudice as none of the Plaintiffs submitted a certified account statement or a completed IFP application; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiffs are informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that the Clerk of the Court shall send each plaintiff a blank form application to proceed in forma pauperis; and it is further

4

ORDERED that if any Plaintiff(s) wish to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; each Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a **certified** six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff(s) stating that he wishes to reopen this case, and either a complete in forma pauperis application from each Plaintiff or the $350.00 filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR.
United States District Judge